UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN GULBANKIAN and ROBERT D.
CALLAHAN, on behalf of themselves and all
others similarly situated,

                    Plaintiffs,

          v.

MW MANUFACTURERS INC.,

                    Defendant.

Case Number 1:10-CV-10392-RWZ

### AFFIDAVIT OF DONALD R. FREDERICO

I, Donald R. Frederico, state under oath as follows:

1. I am a Shareholder in the law firm Greenberg Traurig, LLP, and am one of the attorneys representing the Defendant MW Manufacturers, Inc. ("MW"). I make this affidavit on personal knowledge and on a review of my files, except where otherwise indicated.

2. As Plaintiffs' counsel, Matthew Miller, has acknowledged in his Declaration dated February 4, 2011, MW has made several productions of documents in response to Plaintiffs' First Request for Production of Documents. The documents MW has produced include documents pertaining to the claims of the two named plaintiffs, John Gulbankian and Robert Callahan, as well as documents more generally pertaining to the type of windows that were installed in Plaintiffs' homes, known as V-Wood windows. Based on a review of my files, I believe that MW has produced more than 4,200 pages of documents in response to Plaintiffs' requests.

3.  Sometime after MW served its written response to Plaintiffs' request for production of documents, Plaintiffs' counsel, Matthew Miller, notified me that he had concerns about MW's responses, and asked to schedule a meet and confer.  In response to his request, we had several telephone calls, including at least two lengthy conference calls during which we discussed many of the specific paragraphs of his requests for production in an effort to better understand each others' positions and narrow the issues in dispute.  In part as a result of these conference calls, MW agreed to broaden its search for responsive documents, including electronically stored information ("ESI").

4.  On or about December 10, 2010, I sent Mr. Miller a letter setting forth MW's written position and summary of our conversations with respect to many of the paragraphs of Plaintiffs' Request for Production of Documents that were discussed in our calls.  Additionally, in the letter I informed Mr. Miller that, as a result of our discussions, "[w]e have begun to put together a more formal plan for e-discovery that I anticipate will result in one or more supplemental productions."  A true and accurate copy of the December 10th letter is attached to this affidavit as Exhibit A.

5.  On our about December 21, 2010, I sent another letter to Mr. Miller in which I informed him of MW's substantial progress in identifying folders of electronic data containing potentially responsive materials, and of MW's intent to perform electronic searches of such folders the following week or shortly thereafter.  In this letter, I invited Mr. Miller to propose search terms for MW's search of ESI.  A true and accurate copy of the December 21st letter is attached as Exhibit B.

6.  By letter dated December 23, 2010, Mr. Miller responded to my letters of December 10th and 21st.  Mr. Miller's December 23rd letter did not include any proposed search terms.

7. I responded to Mr. Miller's December 23rd letter by e-mail that same day.  In that e-mail, I stated: "If you wish to propose search terms for MW's electronic data searches . . . you should get your proposal to us early next week."  A true and accurate copy of my e-mail to Mr. Miller is attached as Exhibit C.

8. On or about January 11, 2011, I spoke with Mr. Miller about our outstanding discovery issues.  During that call, I informed Mr. Miller about the status of MW's assembly of electronic files, and that MW was almost ready to begin searching them.  Mr. Miller told me on this call that he would provide us with some proposed search terms.  We then discussed whether it would be more efficient to await the Court's decision on Plaintiffs' anticipated motion to compel before conducting the search of the electronic files.  Mr. Miller told me that, if having to run searches twice (once before resolution of our dispute and again if the Court allows the motion to compel) would be a burden, he would not be opposed to waiting until after our dispute concerning the proper scope of discovery was resolved.  As a result of this conversation, MW has held off on conducting any electronic searches pending a ruling on Plaintiffs' motion.

9. As of this date, I have not received any proposed search terms from Plaintiffs' counsel.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 24, 2011.

Donald R. Frederico

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on February 25, 2011.