# EXHIBIT A



Donald R. Frederico
Tel (617) 310-6000
Fax (617) 310-6001
fredericod@gtlaw.com

December 10, 2010

**BY EMAIL AND U.S. MAIL**

Matthew E. Miller, Esq.
Cuneo, Gilbert & LaDuca, LLP
507 C Street NE
Washington, DC  20002

Re:   John Gulbankian v. MW Manufacturers, Inc.

Dear Matt:

This letter follows up on the conversation you and I had last week concerning MW Windows' document production in the above captioned case.

The meet and confer calls that we had were very helpful to our understanding of the scope of your document requests. As I mentioned in our conversation last week, as a result of the calls, we are taking a more expansive view of your requests and are broadening our search for responsive MW documents and electronic files. We have begun to put together a more formal plan for e-discovery that I anticipate will result in one or more supplemental productions. While we are moving forward as quickly as practicable, as a practical matter we are still several weeks away from any such supplementation. Please feel free to contact me at any time to inquire about our progress.

As explained in more detail below, I am hopeful that we can resolve most of our differences regarding the proper scope of pre-certification discovery. We both recognize, however, that we may be unable to resolve one fundamental disagreement, namely, whether MW should be required to produce documents concerning types of windows different from those purchased by the named plaintiffs. I will address that disagreement now, and then turn to the numbered requests for production that we discussed in the meet and confer.

Your complaint seeks certification of a class of purchasers of MW's Freedom series windows. As I believe you understand, MW manufactures a variety of types of windows, only some of which are part of the Freedom line. Both Mr. Gulbankian and Mr. Callahan, the two named plaintiffs in this lawsuit, purchased a type of window known as "V-Wood." The V-Wood product that they purchased was a double-hung window made with a wood frame and a vinyl sash. MW sold the product from approximately 1994 until 2006. MW

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO**
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH**

*OPERATES AS GREENBERG
  TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

Matthew E. Miller, Esq.
December 10, 2010
Page 2

began selling different products known as Freedom 800 in approximately 2004, and the Freedom 600 in approximately 2006. MW also sold an older line of Freedom windows before 2004. All of the Freedom series windows are designed differently from the V-Wood window and are not relevant to the claims of Mr. Gulbankian and Mr. Callahan.

In our conversation, you stated that you have clients who purchased Freedom windows who could also file claims against MW. No such persons were identified in your Initial Disclosures in this matter. Based on the current state of the pleadings, it is our position that plaintiffs are not entitled to discovery concerning any MW products other than the V-Wood windows installed in the named plaintiffs' homes. Expanding discovery to include documents concerning other products would significantly increase the time and expense of production. MW is unwilling to embark on such burdensome discovery where no justification for requiring it has been shown.

Additionally, a point of clarification is in order. At the time of our meet and confer, we had mistakenly understood that the V-Wood window and the Freedom 600 window were one and the same. We have further investigated this issue and have determined that they in fact are different windows. To the extent that we may have stated during our call that we would produce documents pertaining to the Freedom 600 window, we therefore misspoke. In fact, we are agreeing to produce documents pertaining the V-Wood window, but not the Freedom 600. I apologize for any confusion this mistake may have caused.

The following explains our positions on the numbered requests for production. Of course, consistent with the above-stated position, any agreement stated below to produce documents is limited to documents concerning V-Wood windows.

    1. In response to Paragraph 1 of your Request for Production of Documents, we have produced the service files regarding complaints received about the V-Wood windows. If we discover additional non-privileged, responsive documents, we will supplement our production.

    2. As mentioned during our call, we are aware of only one other lawsuit concerning the V-Wood windows. We will supplement our production to produce responsive, non-privileged documents concerning that lawsuit.

    3. We objected to Request Number 3 in part because of its over-breadth. I do not believe that a request worded as broadly as this one ("Any and all Documents relating to the manufacture or production of windows.") is appropriate, as it could be interpreted to encompass virtually any document in MW's possession, custody or control. While we have produced documents relating to the manufacture of V-Wood windows, and may produce more, we do so without waiving our objections to such inappropriately broad requests.

    4. Request Number 4 ("Any and all Documents relating to the design(s) of windows.") suffers from the same over-breadth problem as Request Number 3. As you

Matthew E. Miller, Esq.
December 10, 2010
Page 3

know, we have produced extensive design drawings for the V-Wood windows. We may be able to supplement our production of non-privileged documents responsive to this request, and will do so without waiving our objections.

5. The same over-breadth concerns apply to Request No. 5 ("Any and all Documents relating to the formulation of windows.") We understand that you are seeking documents relating to the composition of the windows, and we will endeavor to locate and produce responsive documents relating to the V-Wood windows without waiving our objections.

6. We have produced testing reports for the V-Wood windows. If we locate additional responsive and non-privileged documents, they will be produced.

7. Request No. 7 is subject to the same objections discussed above. I anticipate that we may, however, be able to produce some additional responsive documents.

8. We have produced the manufacturer's warranties for the V-Wood windows. We will produce additional responsive, non-privileged documents that we turn up as a result of additional searches.

9. We are not aware of any manuals or similar documents related to warranty claim policies. However, we will look for additional responsive, non-privileged documents as we continue our search.

10. As with Request No. 9, we are not aware of documents responsive to this request, but will continue to look.

11. Same as 9 and 10.

12. You volunteered that you are withdrawing Request No. 12.

13. We are not aware of any documents responsive to Request No. 13.

14. Another overly broad request. If we locate relevant, non-privileged documents during our further search for documents, they will be produced.

15. Same response as 14. Also, the design drawings that have been produced are responsive to this request.

16. We are not aware of any documents responsive to this request, but will produce relevant, non-privileged documents if we are able to locate any.

17-19. As mentioned above, there is one other lawsuit relating to the V-Wood windows. We will produce the pleadings from that lawsuit. No depositions have yet been

Matthew E. Miller, Esq.
December 10, 2010
Page 4

taken and no documents have yet been produced in that case. We will not agree to produce documents pertaining to any litigation involving products other than V-Wood windows.

20. We will produce relevant, non-privileged documents responsive to Request No. 20 related to the V-Wood window if we are able to locate any such documents.

21. We will produce expert reports from the other V-Wood lawsuit.

22. We will produce potentially relevant insurance policies.

23. As we explained on our call, MW does not generally sell windows directly to consumers. It therefore does not have documents reflecting the identity of all members of the proposed class. The service records we produced may contain information responsive to Request No. 23. We also do not believe that this Request is properly within the scope of pre-certification discovery.

24. We have produced documents responsive to Request No. 24, and will supplement our production if additional non-privileged documents are found.

25. We have produced documents responsive to Request No. 25. We will supplement this production if we are able to locate additional non-privileged documents pertaining to the V-Wood windows.

26. We are not aware of any documents responsive to Request No. 26, but will produce any non-privileged documents pertaining to V-Wood windows if we are able to find any.

27. We are not aware of any organizational charts or employee lists responsive to this request.

28. We produced the only record retention policy we are aware of that is responsive to Request No. 28.

29. We produced documents responsive to Request No. 29. We will supplement if we locate additional relevant, non-privileged documents.

30. We are not aware of any documents responsive to Request No. 30 related to the V-Wood windows, but will produce any relevant, non-privileged documents that we are able to locate.

31. This Request seeks documents regarding all of the machines at MW's manufacturing facilities. Not only is such a request overly broad, but we do not understand how it is relevant. According to my notes of our conversation, you were interested in documents concerning how the windows are manufactured. Any such documents are

Matthew E. Miller, Esq.
December 10, 2010
Page 5

responsive to other requests for production, but are not directly responsive to Request No. 31. We do not intend to produce documents responsive to Request No. 31 unless you can persuade us of their relevance and more narrowly focus your request.

32. We agreed to speak with our client about Request No. 32 and you agreed to work with us to narrow its scope. It therefore remains unresolved but may be capable of resolution.

33. We will produce any non-privileged documents responsive to Request No. 33 and pertaining to the V-Wood window.

34. As you acknowledged, we have produced documents responsive to Request No. 34, but you were skeptical that the production was complete. We will supplement our production if we are able to locate additional, non-privileged documents regarding the marketing of V-Wood windows.

35. We will provide you with a list of the states in which MW sold V-Wood windows.

36. We have agreed to produce installation instructions for the V-Wood windows.

37-38. We are continuing to follow up on this request. However, we do not believe that the requested information is appropriately subject to pre-certification discovery.

39. With respect to Request No. 39, you have agreed for the time being to accept a production of "documents sufficient to show" the areas of the United States where MW windows were sold, as opposed to "all documents." The list referenced in response to paragraph 35 should satisfy this request. We do not believe that sales revenue figures are an appropriate subject for pre-certification discovery.

40. As mentioned in our call, we do not believe there are any documents responsive to Request No. 40.

41. Also as mentioned in our call, to the extent that Request No. 41 seeks studies comparing MW windows with windows made by other companies, we understand that no such documents exist. If we locate any such non-privileged documents in our additional search for documents, pertaining to the V-Wood windows, we will supplement our production.

42. As also discussed in our call, we are not aware of any documents responsive to this request, but if we locate any relevant, non-privileged documents we will supplement our production.

Matthew E. Miller, Esq.
December 10, 2010
Page 6


We are happy to continue to discuss with you any ongoing disputes about discovery. If you would like to do so, or have any questions, please do not hesitate to call.

Very truly yours,

Donald R. Frederico

DRF/pc

cc:   Steven Pharr, Esq.