UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10392-RWZ

JOHN GULBANKIAN and ROBERT D. CALLAHAN

v.

MW MANUFACTURERS, INC.

ORDER

May 15, 2013

ZOBEL, D.J.

Plaintiffs brought this putative class-action lawsuit against defendant, a windows manufacturer, claiming defects in the design and manufacture of windows sold under the "V-Wood" brand name.  On March 19, 2013, plaintiffs took the Fed. R. Civ. P. 30(b)(6) deposition of James Horn, defendant's corporate designee on the matters of advertising, marketing, sales, and distribution.  At multiple times during the deposition, defense counsel instructed Horn not to answer, on relevance grounds, certain questions about "Freedom 600" windows, another product line manufactured by defendant.  Plaintiffs now move to compel defendant's 30(b)(6) witnesses to answer deposition questions regarding Freedom 600 windows and to amend the court's scheduling order to accommodate the delay occasioned by this discovery dispute (Docket # 72).  Defendant opposes plaintiffs' motion and in turn seeks to terminate the deposition of Horn and limit the upcoming deposition of another 30(b)(6) designee, Travis Arthur, to questions relating only to V-Wood windows (Docket # 79).

Defendant asserts that its counsel's objections and instructions to Horn were justified because the claims in this action involve only V-Wood windows and plaintiffs' questions about Freedom 600 windows go beyond the scope of the Rule 30(b)(6) deposition notice.  Plaintiffs counter that they are not limited to the specific topics identified in the deposition notice and instead are entitled to discovery on "any non-privileged matter that is relevant to [their] claim or defense" per Fed. R. Civ. P. 26(b)(1). They allege that defendant re-branded its V-Wood windows as the Freedom 600 product line in 2006 and in doing so made several modifications to mitigate certain conditions that could cause water leakage.  Thus, plaintiffs argue, discovery regarding Freedom 600 windows, including the development, testing, and marketing of that "successor" product line, is highly relevant to their claims that V-Wood windows were defective.[1]

Plaintiffs' points are well-taken.  The scope of discovery is very broad, and "information is discoverable if there is any possibility it might be relevant to the subject matter of the action," EEOC v. Electro-Term, Inc., 167 F.R.D. 344, 346 (D. Mass. 1996), even if it "is not directly related to the subject of the underlying litigation," Cabana v. Forcier, 200 F.R.D. 9, 17 (D. Mass. 2001).   To the extent that the Freedom 600 line may be an improvement upon and a replacement for the V-Wood brand, plaintiffs' requested inquiry into Freedom 600 windows is relevant and reasonably calculated to

---

[1] Plaintiffs also maintain that Freedom 600 windows were in fact included as areas of inquiry in the deposition notice, which seeks information regarding the V-Wood manufacturing process and "any modifications, alterations, or changes thereto," and research and development for V-Wood windows, including any "modification, improvement, [or] alteration."

lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).

Moreover, Fed. R. Civ. P. 30(c)(2) provides that objections during depositions must be noted on the record, but "the examination proceeds" and "the testimony is taken subject to any objection."  A party is permitted to instruct a deponent not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)," id., on the ground that the deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party," Fed. R. Civ. P. 30(d)(3).  Defendant does not claim its objections were intended to preserve privilege or to enforce a court order.  While defendant did eventually move to terminate and limit the 30(b)(6) depositions, that motion was not filed until weeks after the Horn deposition and after plaintiffs submitted their motion to compel.  Cf. Paparelli v. Prudential Ins. Co. of America, 108 F.R.D. 727, 731 (D. Mass. 1985) ("Even in the case of a 'proper' instruction not to answer . . . the party who instructs the witness not to answer should *immediately* seek a protective order.") (emphasis in original) (citing International Union of Electrical Radio and Machine Workers, Etc. v. Westinghouse Electric Corp., 91 F.R.D. 277, 260 n.4 (D.D.C. 1981)).  There is no evidence that plaintiffs conducted the deposition in bad faith or in an inappropriate manner.  Accordingly, defense counsel's instructions not to answer were improper, and a protective order is not warranted in this case.

Plaintiffs' motion to compel Rule 30(b)(6) testimony (Docket # 72) is ALLOWED, and defendant's motion to terminate and limit depositions (Docket # 79) is DENIED.

Plaintiffs may depose defendant's 30(b)(6) designees James Horn and Travis Arthur regarding (1) advertising, marketing, sales and distribution of the Freedom 600 line of windows, (2) quality control and quality assurance, research and development, and the manufacturing process related to the Freedom 600 line of windows, and (3) warranty claims for the Freedom 600 line of windows.  At all future depositions, counsel are reminded to comply with the Federal Rules.  The court's scheduling order (Docket # 67) is amended to extend all deadlines by sixty (60) days.


SO ORDERED.


      May 15, 2013                                        /s/Rya W. Zobel
           DATE                                            RYA W. ZOBEL
                                                          UNITED STATES DISTRICT JUDGE