UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN GULBANKIAN and ROBERT D. CALLAHAN,<br><br>            Plaintiffs<br><br>v.<br><br>MW MANUFACTURERS, INC.,<br><br>            Defendant | Docket No. 1:10-cv-10392-RWZ |
| ERIC HARTSHORN and BETHANY PERRY on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs<br><br>v.<br><br>MW MANUFACTURERS, INC.,<br><br>            Defendant | Docket No. 3:12-cv-30122-RWZ |

## ~~PROPOSED~~ ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, the Plaintiffs in the above-captioned matters ("Plaintiffs") and Defendant, MW Manufacturers, Inc. ("MW" or "Defendant") have entered into a Settlement Agreement ("Settlement Agreement") intended to resolve, on a global basis, the litigation in this Court against Defendant arising out of its alleged defective design of vinyl-clad windows; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of these actions against the Defendant; and

{W4273602.1}

WHEREAS, the Court has before it the parties' Joint Motion for Preliminary Approval of Settlement and papers in support thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the results of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3. The Court conditionally certifies, for settlement purposes only, the following nationwide class:

> All individuals or entities that own or have owned homes, residences, buildings or other structures physically located in the United States, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, or U.S. Virgin Islands that contain or have contained vinyl-clad wood-framed windows manufactured by MW Manufacturers, Inc. from January 1, 1987 to and including the date of Preliminary Approval, including, but not limited to, double-hung, casement, awning, sliding, fixed, special shape, picture, transom and side light windows sold under the names V-Wood, Freedom (a/k/a "Freedom Clad" or "MW Clad"), Freedom 600 (a/k/a "Builder Series 600" or "Series 600"), Revere or Freedom 800 (a/k/a "Pro Series 800" or "Series 800").

Excluded from this Settlement Class are:

> a. All individuals and entities who submit timely and valid requests to be excluded from the Settlement Class pursuant to the terms of this Settlement Agreement and the Court's Preliminary Approval Order;

b. All individuals and entities who have filed claims concerning an MW Vinyl-Clad Window in any court of law or before any other tribunal (including, without limitation, an arbitrator), if that claim has been resolved with a final judgment or order, whether or not favorable to the Claimant;

c. MW, any entity in which MW has a controlling interest, any entity which has a controlling interest in MW, and MW's current employees, officers, directors, legal representatives, assigns and successors;

d. Subrogees with subrogation claims arising from an insurance claim by a class member.

e. The Judge to whom this case is assigned and any member of the Judge's immediate family.

4. The Court further conditionally finds that the Named Plaintiffs are adequate class representatives for the Settlement Class.

5. The Court further conditionally finds that the Plaintiffs' Counsel are adequate to serve as Class Counsel and conditionally appoints the following as counsel for the class:

> Charles J. LaDuca
> Cuneo, Gilbert & LaDuca, LLP
> 8120 Woodmont Avenue
> Suite 810
> Bethesda, MD 20814
>
> Michael J. Flannery
> Cuneo, Gilbert & LaDuca, LLP
> 300 North Tucker Boulevard, Suite 801
> St. Louis, MO 63101
>
> Michael McShane
> Audet & Partners LLP
> 221 Main Street Suite 1460
> San Francisco, CA 94105
>
> Charles E. Schaffer
> Levin, Fishbein, Sedran & Berman
> 510 Walnut Street Suite 500
> Philadelphia, PA 19106

>Robert K. Shelquist
>Lockridge Grindal Nauen PLLP
>100 Washington Avenue South Suite 2200
>Minneapolis, MN 55401
>
>Shawn J. Wanta
>Baillon Thome Jozwiak & Wanta, LLP
>222 South Ninth Street, Suite 2955
>Minneapolis, MN 55402

6. Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Notice of Settlement Class and Appointment of Settlement Administrator*

7. The manner and forms of Notice set forth in Sections 9.1 through 9.11 of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that the notice is disseminated according to the terms of Sections 9.1 through 9.11. Settlement Class members may request exclusion from the Settlement or object to the Settlement on or before the deadline indicated in the Notice. Settlement Class members may file claims in the manner specified in the Settlement Agreement. Prior to the Final Approval Hearing, Plaintiffs and/or the Notice Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

8. The Notices to be provided as set forth in the Settlement Agreement are hereby found to the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and all other applicable laws. The Notices are accurate,

objective and informative and provide members of the Settlement Classes with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9. The parties and their respective counsel are authorized to retain Epiq Class Action and Claims Solutions, Inc. to serve as the Claims Administrator and Hilsoft Notifications to serve as the Notice Administrator, in accordance with the terms of the Settlement Agreement and this Order.

### *Requests for Exclusion from the Settlement Class*

10. Any member of the Settlement Class who wishes to be excluded ("opt out") must send a written request for exclusion to the Notice Administrator, so that it is received by the Notice Administrator at the address indicated in the Notice on or before the deadline indicated in the Notice. In order to be effective, this Request for Exclusion must include (a) the name of the Litigation; (b) the person's full name, address and telephone number; (c) a specific statement of the person's intention to exclude himself or herself from the settlement; (d) the identity of counsel, if the person is represented; and (e) the person's signature and the date on which the request was signed.

11. Members of the Settlement Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Notice Administrator.

12. Any member of the Settlement Class who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person submits a claim or receives payment of a claim under the settlement pursuant to the Settlement Agreement. All

members of the Settlement Class who do not personally and timely request to be excluded are enjoined from proceeding against the Defendant for the claims made in the Consolidated Amended Class Action Complaint.

### *Objections to the Settlement*

13.  Any class member who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement and/or to Class Counsel's application for fees and expenses by serving a written objection.

14.  Any individual making an objection (an "Objector") must sign the objection personally. To object, Settlement Class members must file with the Court and serve on counsel for the Parties a written statement describing their reasons for objecting to the Settlement on or before the deadline indicated in the Notice. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein and detailed in the Notice attached to the Settlement Agreement as Exhibit D. To be considered, the written statement must include all of the following information:

    a.  the name of the Litigation;

    b.  the objector's full name, address and telephone number;

    c.  the address(es) of the Structure(s) that may contain an MW Vinyl-Clad Window;

    d.  an explanation of the basis upon which the objector claims to be a Settlement Class Member, including without limitation the basis on which the objector believes that his or her Structure contains an MW Vinyl-Clad Window;

e. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

f. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

g. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

h. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i. the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

j. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

k. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l. the objector's signature (an attorney's signature is not sufficient).

15. If an objector intends to appear personally at the Final Approval Hearing, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel

must identify each such Settlement Class member, and each Settlement Class member must have complied with the requirements of this Order.

### *The Final Approval Hearing*

16. A hearing on the Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on October 29, 2014 at 2:00 p.m., to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the above-captioned action with respect to Defendant herein, and the entry of final judgment.

17. Class Counsel's application for award of attorneys' fees and costs and the Class Representatives' application for service payments shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and any application for service payments shall be filed with the Court no later than ten (10) days prior to the Final Approval Hearing.

18. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted by the Court.

19. Only Settlement Class members who have filed and served timely notices of objection in accordance with the terms of this Order shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member who does not timely file and serve an objection in writing to the Settlement, or to Settlement Class Counsel's application for fees, costs and expenses, or to the awards proposed for the Settlement Class Representatives, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

20. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

21. All reasonable costs incurred in notifying members of the Settlement Classes, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

22. Certification of the Settlement Classes is a conditional certification for settlement purposes only. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Classes shall be void and the Defendant, pursuant to the terms of the Settlement Agreement, shall have reserved all of its rights to oppose any and all class certification motions in this Action, or in any other class action under Fed. R. Civ. P. 23 or any other applicable rule, statute, law or provision, on any grounds, including but not limited to contesting the adequacy of any plaintiff as representative of any putative class, and to contest the adequacy of Plaintiffs' counsel as adequate Class Counsel. Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

23. The Court orders that, upon the Effective Date, as that term is defined in the Settlement Agreement, the remedy provided in the Settlement Agreement shall be the Settlement Class Members' exclusive remedy for any and all Released Claims as defined in Sections 13.1 and 13.2 of the Settlement Agreement. At this time, pursuant to 28 U.S.C. § 1651(a), and in order to preserve the status quo pending the Final Fairness Hearing, the Court hereby enjoins

Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or any Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

SO ORDERED, this 23d day of May, 2014.

_____
Rya W. Zobel
United States District Judge